McGREGOR W. SCOTT
United States Attorney
STEPHANIE HAMILTON BORCHERS
Assistant U.S. Attorney
United States Courthouse
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>REAL PROPERTY LOCATED AT 2232 LOBO AVENUE, MERCED, MERCED, COUNTY, CALIFORNIA, APN: 057-380-054, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO,<br><br>　　　　　Defendant. | 1:06-CV-00616-AWI-NEW (WMW)<br><br>**FINAL JUDGMENT OF FORFEITURE** |

Pursuant to the Stipulation for Final Judgment of Forfeiture filed herein, the Court finds:

1.　This is a civil forfeiture action against real property located at 2232 Lobo Avenue, Merced, Merced County, California, APN: 057-380-054, (hereafter "defendant real property"), and more fully described as:

> Parcel 1, as shown on that certain map entitled "Parcel Map for Dino Bianchi and Mary Corn", filed December 31, 1996 in Book 82 Page(s) 6 & 7, of Parcel Maps Merced County Records, being a subdivision of Lots 7 and 8 as recorded on Parcel Map for Hazel Bianchi, recorded in Volume 32 page 5, Merced County Records.
> Assessors Parcel No.: 057-380-054.

2.　A Verified Complaint for Forfeiture *In Rem* was filed on May 18, 2006, seeking the forfeiture of the defendant real property, alleging that said real property was used or intended to be

1  used, in any manner or part, to commit, or to facilitate the commission of violations of 21 U.S.C. §§
2  841(a)(1), 841(b)(1)(A), and 846, offenses punishable by more than one year's imprisonment, and
3  is therefore subject to forfeiture to the United States, pursuant to 21 U.S.C. § 881(a)(7).

4      3.    On or about June 8, 2006, in accordance with said Complaint, the defendant real
5  property was posted with a copy of the Verified Complaint and Notice of Complaint in a manner
6  consistent with the requirements of 18 U.S.C. § 985. See the Process Receipt and Return filed June
7  26, 2006.

8      4.    On July 24, 31, August 7, and 14, 2006, a Public Notice of Posting of the defendant
9  real property appeared by publication in the Merced Sun-Star, a newspaper of general circulation in
10 the county in which the defendant real property is located (Merced County).  The Proof of
11 Publication was filed with the Court on August 31, 2006.

12     5.    In addition to the Public Notice of Posting having been completed, personal notice
13 was served upon Sergio Padilla and Monica Padilla.

14     6.    Apart from Claimant Monica Padilla, no other parties have filed claims and answers
15 in this matter, and the time for which any person or entity may file a claim and answer has expired.

16     7.    The Clerk of the Court entered a Clerk's Certificate of Entry of Default against Sergio
17 Padilla on August 3, 2007.  As of March 3, 2006, the recorded owner of the defendant real property
18 located at 2232 Lobo Avenue in Merced, California was Monica Padilla.  (See Verified Complaint
19 ("Compl.") at ¶ 3 filed May 18, 2006.)  The defendant real property was previously held by Monica
20 Padilla and Sergio Padilla, Husband and Wife as Joint Tenants.  (Id.).  After Sergio Padilla's
21 February 23, 2006 Indictment, Sergio Padilla deeded the defendant real property to Monica Padilla
22 as the sole owner.  (Id.).  Claimant Monica Padilla acknowledged in the Stipulation for Final
23 Judgment of Forfeiture filed herein that she is the sole owner of the defendant real property and that
24 no other person or entity has any legitimate claim of interest therein.  Pursuant to Local Rule A-540,
25 the United States requests that as part of this Final Judgment of Forfeiture the Court enter a default
26 judgment against the interest, if any, of Sergio Padilla without further notice.

27     Based on the above findings, and the Court being otherwise fully advised in the premises,
28 it is hereby ORDERED AND ADJUDGED:

1. The Court adopts the Stipulation for Final Judgment of Forfeiture entered into by and between the parties to this action.

2. The judgment is hereby entered against claimant Monica Padilla and all other potential claimants who have not filed claims in this action.

3. The defendant real property located at 2232 Lobo Avenue, Merced, California, Merced County, APN: 057-380-054, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(7), to be disposed of according to law.

4. Upon entry of this Final Judgment of Forfeiture:

    a. The U.S. Marshals Service shall list the defendant real property for sale. The U.S. Marshals Service shall have sole authority to select the means of sale, including sale by internet or through a licensed real estate broker, and shall have sole authority over the marketing and sale of defendant real property.

    b. The U.S. Marshals Service shall have the real property appraised by a licensed appraiser of its choosing. Following the entry of this Final Judgment of Forfeiture, but prior to vacating the defendant real property, the U.S. Marshals Service and the appraiser may have access to the defendant real property and structures, buildings, or storage sheds thereon upon 24 hours telephonic notice.

    c. If necessary, the U.S. Marshals Service, and any real estate broker employed by the U.S. Marshals Service, shall have the right to put a "lock box" on the property to facilitate the marketing and sale of the property.

    d. The following costs, expenses, and distributions shall be paid in escrow from the gross sales price in the following priority and to the extent funds are available:

        (1) The costs incurred by the U.S. Marshals Service to the date of close of escrow, including the cost of posting, service, advertising, and maintenance.

        (2) Any unpaid real property taxes, which shall be prorated as of the date of the entry of this Final Judgment of Forfeiture.

        (3) A real estate commission not to exceed the U.S. Marshals Service

contractual brokerage fee, and such costs of sale as the U.S. Marshals Service may reasonably incur, including, but not limited to, county transfer taxes.

  (4) The remaining net proceeds shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(7), to be disposed of according to law.

 e. Any liens or encumbrances against the defendant real property that appear on record subsequent to the recording of plaintiff's *Lis Pendens* on May 24, 2006, and prior to entry of this Final Judgment of Forfeiture herein may be paid out of escrow.

 f. The costs of a lender's policy of title insurance (ALTA policy) shall be paid for by the buyer.

 g. All loan fees, "points" and other costs of obtaining financing shall be paid for by the buyer of the defendant real property.

 h. Each party shall execute all documents necessary to close escrow, if such signatures are required by the title insurer.

5. Plaintiff United States of America and its servants, agents, and employees and all other public entities, their servants, agents, and employees, are released from any and all liability arising out of or in any way connected with the posting, forfeiture, or sale of the defendant real property. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said posting, forfeiture, or sale, as well as to those now known or disclosed. The parties waive the provisions of California Civil Code § 1542.

6. Prior to vacating the defendant real property, Claimant Monica Padilla shall maintain the defendant real property in the same condition and repair as existed as of the date of the posting, normal wear and tear excepted, until she has vacated the premises. The term "maintain" shall include, but is not limited to, keeping the property free of hazard and structural defects; keeping all heating, air conditioning, plumbing, electrical, gas, oil, or other power facilities in good working condition and repair; keeping the property clean and performing such necessary sanitation and waste removal; keeping the property in good condition by providing for lawn and yard maintenance; and other ordinary and necessary items of routine maintenance.

7. Until the sale of the defendant real property, Claimant Monica Padilla shall maintain all insurance policies currently in effect with respect to the property, including policies covering liability to persons injured on said property and for property damage to the defendant real property. Claimant Monica Padilla shall arrange for the inclusion of a rider to all of the above-mentioned policies naming the U.S. Marshals Service as the primary beneficiary of the insurance policy.

8. Until the sale of the defendant real property, or until otherwise required to vacate the property, Claimant Monica Padilla shall allow the U.S. Marshals Service personnel, or its agent, the right to enter and inspect the property and all buildings thereon on a monthly basis upon 24 hours telephonic notice.

9. Except as specifically provided herein, Claimant Monica Padilla shall not convey, transfer, encumber, lien, or otherwise pledge the defendant real property without the prior, written approval of the United States.

10. Claimant Monica Padilla and all others occupying the defendant real property with her consent shall vacate the defendant real property within (30) days after receiving notice by the U.S. Marshals Service of its intention to list the property for sale. Prior to vacating the property Claimant Monica Padilla shall remove all of her personal possessions, and the personal possessions of any former occupant, including all vehicles, furniture, and trash, and leave the property clean and in the same state of repair as the property was on the date it was posted with notice. Any and all of claimant's personal possessions, and the personal possessions of any former occupant, not removed within thirty (30) days prior to the close of escrow will be disposed of by the United States without further notice.

11. Claimant Monica Padilla stipulates that there was reasonable cause for the posting of the defendant real property, and that the Court may enter a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465.

12. All parties are to bear their own costs and attorneys' fees.

///
///
///

1        13.    Pending the sale of the defendant real property, and the disposition of the proceeds, the Court shall maintain jurisdiction to enforce the terms of this Final Judgment of Forfeiture.

      14.    Based upon the allegations set forth in the Complaint for Forfeiture *In Rem* filed May 18, 2006 and the Stipulation for Final Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the posting of the defendant real property.

IT IS SO ORDERED.

**Dated:   August 10, 2007**            /s/ Anthony W. Ishii
                                                        UNITED STATES DISTRICT JUDGE